**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Hells Angels Motorcycle Corporation, a Nevada Nonprofit Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Company 81, LLC, a New York Limited Liability Company, <br><br> Defendant. | No. CV-08-8009-PCT-GMS <br><br> **ORDER** |

The parties have submitted a stipulated protective order regarding confidentiality that calls for discovery materials to be kept confidential by the parties and for confidential documents to be filed with the Court under seal. (Dkt. # 26.) The proposed order fails to take into account Ninth Circuit law restricting the circumstances under which confidentiality orders may be entered and documents in the Court's file may be sealed.

Two standards are relevant. "First, a 'compelling reasons' standard applies to [the sealing of] most judicial records." *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 (9th Cir. 2007) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.' To limit this common law right of

1  access, a party seeking to seal judicial records must show that 'compelling reasons supported
2  by specific factual findings outweigh the general history of access and the public policies
3  favoring disclosure.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178) (alteration and internal
4  citations omitted).

5  The second standard applies to discovery materials. "'Private materials unearthed
6  during discovery' are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at
7  1180) (alteration omitted). The "good cause" standard set forth in Rule 26(c) of the Federal
8  Rules of Civil Procedure applies to orders rendering this category of documents confidential.
9  *See id.*; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)
10 ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order
11 to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this
12 presumption where 'good cause' is shown.") (citations omitted).

13 The good cause standard also applies to the sealed filing of documents attached to
14 non-dispositive motions because those documents are often "'unrelated, or only tangentially
15 related, to the underlying cause of action.'" *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213
16 (9th Cir. 2002); *see Pintos*, 504 F.3d at 802. Documents attached to dispositive motions such
17 as motions for summary judgment, however, are governed by the compelling reasons
18 standard. *See San Jose Mercury News*, 187 F.3d at 1102; *Foltz*, 331 F.3d at 1136.

19 The parties may submit a revised proposed order that takes into account these
20 standards. The stipulation or motion seeking entry of the order should show good cause for
21 a confidentiality order governing discovery materials. The proposed order should also reflect
22 the fact that any party seeking to file documents under seal must show good cause for
23 documents attached to non-dispositive motions or compelling reasons for documents attached
24 to dispositive motions. Accordingly,

25 / / /
26 / / /
27 / / /
28

- 2 -

1  **IT IS HEREBY ORDERED** denying the stipulation (Dkt. # 26) without prejudice.

2  DATED this 18th day of December, 2008.

_____
G. Murray Snow
United States District Judge